## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| Cheryl Crassaris, ) | |
| ) | Civil Action No.: 9:19-cv-02695-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Andrew Saul, ) | |
| Commission of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on January 27, 2021. (ECF No. 17.) The Report addresses Plaintiff Cheryl Crassaris' ("Plaintiff") claim for disability insurance benefits ("DIB"). (*Id.* at 1.) The Report recommends reversing the decision of the Commissioner of Social Security Administration ("the Commissioner") and remanding the matter for further administrative proceedings. (*Id.*) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 17.) As brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Social Security Act ("the Act") on March 23, 2015 and denied her claim for DIB. (*Id.* at 1-2.) On September 15, 2016, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (*Id.* at 2.)

1

On July 19, 2017, this court reversed and remanded the Commissioner's decision for further administrative proceedings. (*Id.*) The Appeals Council then vacated the final decision of the Commissioner and remanded the case to an ALJ for further proceedings on May 4, 2018. (*Id.*)

On October 15, 2018, the ALJ issued a decision finding Plaintiff not disabled. (*Id.*) The Appeals Council denied Plaintiff's request for review of the ALJ's decision on August 5, 2019. (*Id.*) On September 23, 2019, Plaintiff filed the instant Complaint. (ECF No. 1.)

On January 27, 2021, the Magistrate Judge filed their Report. (ECF No. 17.) In the Report, the Magistrate Judge first reasoned that the "ALJ's decision to depart from the treating physician rule and assign little weight to Dr. Bamashmus's opinion was not supported by substantial evidence." (*Id.* at 18.) Specifically, the Report noted the "ALJ's decision to cherry-pick certain 'normal' findings in Dr. Bamashmus' treatment notes (while ignoring other notes) and use that as a basis to discount Dr. Bamashmus's opinion was error." (*Id.* at 20.) It also noted that the ALJ improperly "played doctor" by asserting his conclusions over those of a mental health professional and failed to apply the factors listed in 20 C.F.R. § 404.1527(c) to decide how much weight Dr. Bamashmus' opinion should be accorded. (*Id.* at 22.) Second, the Magistrate Judge concluded that the "ALJ's ultimate decision to accord little weight to the opinions of Dr. Ernest Martin and Dr. Susan Martin was not supported by substantial evidence." (*Id.* at 24.) The Report found that the ALJ "focused on certain 'normal' findings in the treatment notes while ignoring other findings in the same notes" and "failed to apply the factors listed in 20 C.F.R. § 404.1527(c) to decide how much weight the opinions of Dr. Ernest Martin and Dr. Susan Martin should have been accorded." (*Id.* at 24, 25.) As a result, the Report recommended that the court reverse the decision of the Commissioner and remand the case for further administrative proceedings. (*Id.* at 28.)

## II.     STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.     ANALYSIS

The parties were apprised of their opportunity to file specific objections to the Report on January 27, 2021. (ECF No. 17 at 29.) Objections to the Report were due by February 10, 2021. (*Id.*) On February 4, 2021, the Commissioner notified the court that he would not object to the Magistrate Judge's Report. (ECF No. 18 at 1.) Plaintiff has not filed any objections to the Report. Since no specific objections were filed by either party and the Report does not contain clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

## IV.     CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED** and this case is **REMANDED** for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 8, 2021
Columbia, South Carolina